IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEANNA L. PICKARTZ,                                                                  PLAINTIFF

vs.                                            Case No. 2:04-cv-2283

MICHAEL J. ASTRUE,[1]                                                                DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM ORDER

Pending now before this Court is the Plaintiff's Motion for Attorney's Fees brought pursuant to 42 U.S.C. § 406(b) (2004), and Memorandum Brief in support of this motion for attorney's fees. (Doc. No. 17, 18).[2] This motion and the supporting documents were filed on November 27, 2007. The Commissioner of the Social Security Administration (Commissioner) responded on December 3, 2007. (Doc. No. 19). This matter is ready for decision.

**Background:**

Plaintiff appealed to this Court from the Commissioner's denial of disability insurance benefits (DIB) and supplemental security income (SSI). (Doc. No. 1). The Honorable Bobby E. Shepherd entered a Judgment on May 18, 2005 reversing the decision of the Administrative Law Judge (ALJ) and remanded the matter for further consideration. (Doc. No. 11). On November 23, 2005, the Commissioner entered a decision fully favorable to the Plaintiff. (Doc. No. 17-2).

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The document numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

The Plaintiff was awarded a total of $38,500.00 in past-due benefits. (Doc. No. 17-4). The Plaintiff's attorney states the Commissioner has withheld $9625.00 for the payment of attorney's fees. (Doc. No. 17-4). The Plaintiff attorney states this amount constitutes 25 percent of past-due benefits awarded to Plaintiff. (Doc. No. 17). A fee in the amount of $5300.00 has been requested by Plaintiff's attorney for work performed at the administrative level. Plaintiff's attorney also seeks approval for an attorney fee award of $4325.00 for work performed before the District Court. (Doc. No. 17). This attorney fee request is for 26.60 hours she asserts were devoted to the representation of Plaintiff. (Doc. No. 17). An award of $4325.00, for 26.60 hours, would represent an hourly rate of approximately $162.59 per hour.

The Plaintiff's attorney has also filed her contingency fee agreement with Plaintiff reflecting a 25 percent contingency fee if a "claim is awarded by the Appeals Council or by a Federal Court or following an order of remand issued by the Social Security Administration or a Federal Court." (Doc. No. 17-7). The Defendant does not oppose this request for fees, Plaintiff's attorney's hourly rate, or the amount of fees requested. (Doc. No. 19). On October 7, 2005, Plaintiff's attorney was previously awarded fees under the EAJA in the amount of $3,788.00. (Doc. No. 15). Plaintiff's attorney has agreed to refund this amount to Plaintiff. (Doc. No. 17).

**Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of the claimant before the court. This fee must not be in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the past-due benefits. *See Id.* Furthermore, a court is not

authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts"). Instead, a plaintiff's attorney must petition the agency for these fees. *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied. *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). The lodestar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate. *Id.* The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees in Section 406(b) cases. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the United States Supreme Court held that Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded. *Id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.* The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

3

**Discussion:**

The Plaintiff's attorney asserts she has spent 26.60 hours in the representation of Plaintiff before this court. (Doc. No. 17). The contingency fee agreement between Plaintiff and Plaintiff's attorney reflects Plaintiff agreed to pay her attorney 25 percent of the past-due benefits awarded if a claim is awarded "following an order of remand issued by the Social Security Administration or a Federal Court." (Doc. No. 17-7). Twenty-five percent of the Plaintiff's past-due benefits is $9625.00. A fee in the amount of $5300.00 has been requested by the Plaintiff attorney for work performed at the administrative level. The Plaintiff's attorney seeks approval before this court for an attorney fee award of $4325.00. (Doc. No. 17). This total, divided by 26.60 hours, equals approximately $162.59 per hour.

The Plaintiff and the Plaintiff's attorney entered into a 25 percent contingency agreement. (Doc. No. 17-7). Based upon that agreement and the past-due benefits that have been awarded to the Plaintiff, the Plaintiff's attorney is to receive approximately $162.59 per hour for the work performed before this court. The Plaintiff attorney's regular hourly rate is $300.00 per hour. (Doc. No. 17). The Plaintiff's attorney has been practicing social security law for more than twenty-eight (28) years and worked as an attorney for the Social Security Administration for four years. (Doc. No. 17). Accordingly, based upon this information, this Court awards attorney's fees pursuant to the contingency fee agreement and finds that the Plaintiff's attorney's hourly rate is reasonable. *See Gisbrecht,* 535 U.S. at 793.

**Conclusion:**

Pursuant to 42 U.S.C. § 406(b), this Court approves an attorney's fees in the amount of

$4325.00 which represents 26.60 hours at an hourly rate of approximately $162.59.  The Plaintiff attorney will refund the earlier EAJA award of attorneys in the amount of $3788.00 to Plaintiff.  The Plaintiff attorney will seek any additional fee from Social Security Administration for work performed on this matter at the administrative level.

    **IT IS SO ORDERED** this **4th day of December, 2007.**

                                                 /s/  Barry A. Bryant  
                                                 HON. BARRY A. BRYANT  
                                                 U.S. MAGISTRATE JUDGE